IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                          Case No. 4:18-cr-00212 KGB

ROBBIE EARL MOSLEY, JR.                                               DEFENDANT

## ORDER

Defendant Robbie Earl Mosley, Jr. pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Dkt. Nos. 22, 23). The Court sentenced Mr. Mosley on April 6, 2021, to 180 months of imprisonment, two years of supervised release, and a $100.00 special penalty assessment (Dkt. Nos. 29, 30). Mr. Mosley did not appeal the judgment to the United States Court of Appeals for the Eighth Circuit.

On May 24, 2021, the Court received Mr. Mosley's *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody (Dkt. No. 32). However, neither Mr. Mosley nor an attorney signed the petition (*Id.*). The Court ordered Mr. Mosley to, within 30 days of the date of the Order, submit an amended and substituted petition under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence that is signed by Mr. Mosley.

Before the Court is Mr. Mosley's amended and substituted petition under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (Dkt. No. 35). The United States has responded in opposition to the petition (Dkt. No. 38). For the following reasons, the Court denies Mr. Mosley's § 2255 petition.[1]

---

[1] The Court finds that an evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Mr. Mosley] is entitled to no relief." 28 U.S.C. § 2255(b).

I.     Background

On April 6, 2017, officers with the North Little Rock Police Department assisted a parole officer with the Arkansas Department of Community Corrections with performing a search of Mr. Mosley's residence pursuant to a warrantless search waiver after receiving information that Mr. Mosley was involved in selling and distributing narcotics (Dkt. No. 38, at 1).  At the residence, the officers encountered Mr. Mosley's wife, who called into the residence for Mr. Mosley.  Mr. Mosley spoke with the parole officer and stated that there was marijuana in the kitchen and a pistol elsewhere in the residence (*Id.*).  The search of the residence recovered 1,543.32 grams of marijuana, digital scales, a Glock .40-caliber handgun with an extended magazine, a TNW model ASR handgun with an extended magazine, a Taurus model 790 nine-millimeter handgun, a Ruger model P89 nine-millimeter handgun with an extended magazine, and a box of ammunition (*Id.*). Mr. Mosley was taken into custody and advised of his *Miranda* rights (*Id.*).  After his arrest, Mr. Mosley made statements to the officers admitting ownership of the marijuana and three of the firearms located in the house (*Id.*, at 1-2).  Mr. Mosley stated that the Taurus firearm belonged to his wife, but he was aware of it (*Id.*, at 2).

Mr. Mosley was charged in a three-count indictment with being a felon in possession of a firearm, possession of marijuana with intent to distribute, and possession of firearms in connection with a drug-trafficking crime (Dkt. No. 3).  Pursuant to a plea agreement between the parties, the United States filed a superseding information that charged Mr. Mosley with one count of being a felon in possession of a firearm (Dkt. No. 21).  Mr. Mosley pled guilty to the count in the superseding information, and the remaining charges were dismissed (Dkt. Nos. 22, 23).  On February 27, 2020, the Court sentenced Mr. Mosley as an armed career criminal to 180 months of imprisonment, two years of supervised release, and a $100.00 special penalty assessment (Dkt.

Nos. 29, 30). Mr. Mosley did not file a notice of appeal with the United States Court of Appeals for the Eighth Circuit.

Mr. Mosley filed a *pro se* motion to vacate, set aside, or correct his sentence on May 24, 2021 (Dkt. No. 32). However, the petition was not verified and signed by Mr. Mosley. Instead, the petition was signed by Halley Mangam, who identified herself as "a family friend of Mr. Mosley" who was "signing on his behalf due to not being able to get documents to and from him in a timely matter from the correctional facility due to COVID." (Dkt. No. 32, at 12). On May 26, 2021, the Court ordered Mr. Mosley to file an amended and substituted petition with his signature within 30 days (Dkt. No. 33). Mr. Mosley filed an amended and substituted petition on June 14, 2021. In his amended and substituted *pro se* petition to vacate, set aside, or correct sentence Mr. Mosley asserts that counsel was ineffective for: (1) failing to file appropriate motions on his behalf; (2) failing to locate and interview exculpatory witnesses; (3) failing to conduct a thorough investigation; (4) failing to locate relevant evidence; and (5) failing to argue post–*Miranda* rights after interrogation (Dkt. No. 35, at 4).

The government has responded in opposition to the petition (Dkt. No. 38). The government argues that the petition should be dismissed because it is untimely under 28 U.S.C. § 2255(f) or, alternatively, because Mr. Mosley has failed to allege a claim of ineffective assistance of counsel (Dkt. No. 38, at 3-7). The Court addresses each argument.

**II.    Statute Of Limitations**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year period of limitation from the date the judgment of conviction becomes final.[2]    28

---

[2] The later dates from which the one-year period of limitations sometimes may run are not in issue here. *See* 28 U.S.C. § 2255(f)(2)-(4).

U.S.C.A. § 2255.  When a convicted person appeals a conviction, the conviction becomes final when the Supreme Court affirms the conviction on direct review or denies a petition for writ of *certiorari*, or when the time for filing a *certiorari* petition expires.  *Clay v. United States,* 537 U.S. 522, 527 (2003).  If a convicted person does not file a notice of appeal, as was the case here, the conviction becomes final when the period for filing a notice of appeal expires, which in this case was 14 days after entry of the judgment.  *See* Fed. R. App. P. 4(b)(1)(A).

The Court entered its judgment in this case on February 27, 2020 (Dkt. No. 30).  Mr. Mosley's time for filing a notice of appeal expired 14 days later on March 12, 2020.  Accordingly, the time for Mr. Mosley to file a motion to vacate, set aside, or correct his sentence expired on March 12, 2021.  Mr. Mosley did not file his unsigned petition in this case until May 24, 2021, over two months after the statute of limitations expired, and he did not file his signed petition until June 14, 2021, over three months after the statute of limitations expired (Dkt. Nos. 32, 35).  Accordingly, regardless of whether the Court considers Mr. Mosley's initial petition or his amended and substituted petition, Mr. Mosley's petition is barred by the statute of limitations unless equitable tolling applies.

In habeas proceedings, equitable tolling is appropriate where "extraordinary circumstances" beyond a prisoner's control prevents timely filing.[3]  *Jihad v. Hvass,* 267 F.3d 803, 805 (8th Cir. 2001).  "Equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter."  *United States v. Martin,* 408 F.3d 1089, 1095 (8th Cir. 2005).

---

[3] Equitable tolling is also appropriate where conduct of the defendant "lulled the plaintiff into inaction," a circumstance not asserted by Mr. Mosley in this case.  *See Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000), *cert. denied,* 534 U.S. 863 (2001).

After reviewing carefully the circumstances of Mr. Mosley's case, the Court concludes that he has not met his burden to establish equitable tolling. In his amended and substituted petition, Mr. Mosley states that "[d]ue to COVID and the timeliness or lack thereof of distribution of mail at the correctional facility, we ask that if this document is not receive in a timely matter that you please consider and grant consideration due to reasons beyond control of the defendant" (Dkt. No. 35, at 11). To the extent Mr. Mosley relies on the inadequacies of the United States Postal Service to toll equitably the statute of limitations, the Eighth Circuit applies the prison mailbox rule to the filing of petitions under § 2255. Under that rule, a petition "is deemed timely filed when an inmate deposits [it] in the prison mail system prior to the expiration of the filing deadline." *Moore v. U.S.*, 173 F.3d 1131, 1135 (8th Cir. 1999). Mr. Mosley's initial petition signed by Ms. Mangam states that it was executed on March 21, 2021, and was placed in the prison mailing system on May 14, 2021 (Dkt. No. 32, at 12). The amended and substituted petition was signed by Mr. Mosley on June 8, 2021, and was placed in the prison mailing system on June 8, 2021 (Dkt. No. 35, at 12). Both petitions were signed and placed in the prison mailing system after the statute of limitations expired on March 12, 2021. Mr. Mosley's petition was not timely filed under the prison mailbox rule.

In his unsigned petition, Mr. Mosley's family friend mentions being unable to get documents "to and from [Mr. Mosley] in a timely matter from the correctional facility due to COVID." (Dkt. No. 32, at 12). However, it is unclear what documents could have prevented Mr. Mosley from filing a timely petition because Mr. Mosley did not attach any documents to his petition and because all the information on which Mr. Mosley's petition is based has been available to Mr. Mosley since the time the Court entered its judgment in his case on February 27, 2020.

5

In *Taylor v. United States*, the federal district court assumed COVID-19 is an extraordinary circumstance that could warrant equitable tolling in certain circumstances. Case No. 4:20-cv-1489, 2021 WL 1164813 (E.D. Mo. March 26, 2021), *reconsideration denied*, 2021 WL 2142461 (E.D. Mo. May 26, 2021) (28 U.S.C. § 2255 case) (citing *United States v. Haro*, Case No. 8:18-cr-66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020)).  However, the court concluded that the petitioner in that case "offer[ed] no explanation for how the pandemic impeded his ability to pursue his rights." *Id*. at *3.  Although he stated that he had been unable to access the law library during the COVID-19 lockdowns, the court noted that "pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Id*. (citations omitted).

Similarly, Mr. Mosley has failed to explain how COVID impeded his ability to pursue his rights.  Mr. Mosley has failed to present any proof of extraordinary circumstances beyond his control that prevented him from timely filing his petition.  *See Shoemate v. Norris*, 390 F.3d 595 (8th Cir. 2004) (A lack of legal resources, such as access to a law library, does not typically warrant equitable tolling).  Further, the Clerk of the Court for the United States District Court, Eastern District of Arkansas, continued to accept filings throughout the pandemic.  *See, e.g., United States v. Turner*, Case No. 6:18-cr-60015, 2021 WL 4256304 (E.D. Ark. August 11, 2021), *report and recommendation adopted*, 2021 WL 4255637 (E.D. Ark. Sept. 17, 2021) (28 U.S.C. § 2255 case).  Mr. Mosley has failed to demonstrate diligence in pursuing this matter.

### III.   Ineffective Assistance Of Counsel

Even if Mr. Mosley's § 2255 petition to vacate, set aside, or correct his sentence is not barred by the statute of limitation, it lacks merit.  Mr. Mosley asserts that his counsel was

ineffective for: (1) failing to file appropriate motions on his behalf; (2) failing to locate and interview exculpatory witnesses; (3) failing to conduct a thorough investigation; (4) failing to locate relevant evidence; and (5) failing to argue post-*Miranda* rights after interrogation (Dkt. No. 35, at 4). Mr. Mosley fails to meet his burden to establish any of these claims.

### A. Legal Standard

"A defendant who claims that he received ineffective assistance of trial counsel has the burden to show both that counsel's performance was deficient – *i.e.*, that 'the identified acts or omissions were outside the wide range of professionally competent assistance' despite the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' – and that the defendant suffered prejudice – *i.e.*, 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sanders v. United States*, 341 F.3d 720, 721-22 (8th Cir. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 689-90, 694 (1984)). In the context of a guilty plea, Mr. Mosley needs to show that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial. *United States v. Wilson*, 114 Fed. App'x. 770 (8th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Mr. Mosley also needs to overcome "strong presumptions" of counsel's competence and the voluntariness of his guilty plea based on his representations during the plea colloquy. *Id.* (citing *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam)).

### B. Analysis

Mr. Mosley has not overcome the strong presumptions of competence and the voluntariness of his guilty plea based on his representations during the plea colloquy. The plea agreement Mr. Mosley signed set forth the elements of the offense, the statutory penalties, and the applicable

United States Sentencing Guidelines. In the plea agreement, Mr. Mosley affirmed that he read the plea agreement and carefully reviewed it with his attorney, understood and voluntarily agreed to its terms, understood his rights with respect to the sentencing guidelines, that no other promises or inducements were made, that he was not threatened or forced to enter into the agreement, that he entered into the agreement "consciously and deliberately, by [his] free choice, and without duress, undue influence or otherwise being forced or compelled to do so . . . ," and that he was satisfied with the representation of his attorney in this case (Dkt. No. 23, ¶ 17(A)). At the change of plea hearing, Mr. Mosley affirmed that he was completely satisfied with the advice of his attorney and that he had fully discussed the case with him. After the government summarized the plea agreement, including the applicable potential penalties and the waiver of rights, and noted that the parties agree that Mr. Mosley's base offense level pursuant to the guidelines is calculated under United States Sentencing Guideline 4B1.4, which qualifies Mr. Mosley as an armed career offender under 18 U.S.C. § 924(e) of the guidelines, Mr. Mosley affirmed that the statements by the government accurately summarized the terms of the plea agreement. Mr. Mosley went on to affirm that he went over the plea agreement line by line and the addendum to the plea agreement line by line with Mr. Morris before he signed it, and he understood the terms of the plea agreement and addendum. Further Mr. Mosley affirmed that he signed the plea agreement voluntarily.

At the sentencing hearing, Mr. Mosley affirmed that he went over the presentence report with this counsel. Mr. Mosley's counsel did not object to the presentence report on Mr. Mosley's behalf. The Court adopted the undisputed portions of the presentence report as the Court's findings of fact in the case. Mr. Mosley affirmed that he was satisfied with the work that had been done in this case on his behalf by Mr. Morris as his lawyer.

In his petition, Mr. Mosley asserts that his counsel was constitutionally ineffective because he "failed to file any appropriate motions" on his behalf (Dkt. No. 35, at 4). Though a *pro se* § 2255 motion is to be liberally construed, the motion must assert facts regarding counsel's performance. *Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001). Vague and conclusory allegations, unsupported by specific facts, are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255), *cert. denied*, 479 U.S. 965 (1986); *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir. 1983) (concluding that conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (explaining that conclusory allegations, unsupported by any specifics, are subject to summary dismissal). Mr. Mosley does not identify any motions that his attorney could or should have filed on his behalf. Accordingly, Mr. Mosley's unsupported allegations are insufficient to support a claim of ineffective assistance of counsel for failure to file unspecified motions.

Mr. Mosley also claims that his counsel failed to locate and interview exculpatory witnesses. It is unclear to the Court what exculpatory witnesses Mr. Mosley claims that his attorney could have located because those involved with the search that uncovered the firearms at issue in this case were present at the search of Mr. Mosley's residence pursuant to a warrantless search waiver. *Saunders*, 236 F.3d at 953 (8th Cir. 2001) (determining that a petitioner cannot show prejudice from the failure to call unidentified witnesses). Those present on April 6, 2017, included Mr. Mosley, Mr. Mosley's wife, the North Little Rock Police Officers, and Mr. Mosley's parole officer. Accordingly, it appears to the Court that all the relevant witnesses were known to Mr. Mosley and his counsel at the time that Mr. Mosley pled guilty. Mr. Mosley has not

established that he was prejudiced from his counsel's performance in failing to locate any exculpatory witnesses prior to Mr. Mosley entering a guilty plea given the circumstances of this case.

Similarly, Mr. Mosley's claim that counsel failed to perform a thorough investigation or locate relevant evidence fails to establish a lack of competence or prejudice.  Mr. Mosley has not come forward with any suggestion of any additional evidence a more thorough investigation would have uncovered that would have led Mr. Mosley not to plead guilty and insist on going to trial given the circumstances of this case.

Finally, Mr. Mosley argues that his counsel "failed to argue post-*Miranda* rights after interrogation." (Dkt. No. 35, at 4).  The Court understands Mr. Mosley to be arguing that his counsel should have moved to exclude statements that Mr. Mosley made to officers after he was arrested and given *Miranda* warnings.  Mr. Mosley has failed to prove prejudice to establish a claim of ineffective assistance of counsel.  Mr. Mosley was a convicted felon, and firearms were found in his house pursuant to a warrantless search waiver.  Any statements Mr. Mosley made after the firearms were found, pursuant to the presumably valid search waiver regarding his ownership of the firearms, were not essential to establishing the elements of the offense of felon in possession of a firearm.  Accordingly, Mr. Mosley was not prejudiced by his counsel's decision not to move to exclude any post–*Miranda* statements Mr. Mosley made to police.

Mr. Mosley has not identified acts or omissions that his counsel made that were outside the wide range of professionally competent assistance.  Further, Mr. Mosley has not established prejudice.  As a result of the plea agreement in this case, the government agreed to dismiss an indictment that charged Mr. Mosley with possession of marijuana with intent to distribute and possession of firearms in connection with a drug-trafficking crime (Dkt. No. 3).  Mr. Mosley has

not shown that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial on all three charges. *United States v. Wilson*, 114 Fed. App'x. 770 (8th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In sum, Mr. Mosley fails to identify any acts or omissions of his counsel that were outside the wide range of professionally competent assistance, and he fails to provide any evidence that he did not understand the consequences of his plea.

### IV.     Conclusion

The Court denies and dismisses with prejudice Mr. Mosley's *pro se* petition and amended and substituted petition under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody (Dkt. Nos. 32, 35). The Court declines to issue a certificate of appealability.

It is so ordered this 9th day of September, 2024.

_____
Kristine G. Baker
Chief United States District Judge